Please be seated and counsel on our next case, Folse v. Hoffman. Come on up if you would. All right, Mr. Cooper, we'll be glad to hear from you when you're ready. May it please the Court, I am Jeremy Cooper on behalf of J. Folse, the appellant in this case and the plaintiff below. I will begin with the threshold issue that the Court asked us to address in supplemental briefing on the question of appellate jurisdiction and the finality of the judgment. The Britt case established a rule in which a dismissal without prejudice would be final in a situation in which no leave to amend was granted. And of course, the dismissal in this case involved no leave to amend. And I think where you get into whether this applies or not, the distinction here is that we weren't quite to the point in the litigation in which the amendment of the complaint was at issue. Here it was the correction of an alleged defective form. So he could still have amended his complaint? I believe that he could have amended the complaint. I don't disagree with that. That is one approach that he could have taken. But he did not? He did not. And having filed the appeal, under the literal language of the rule established in Britt, I believe that the appeal, the final order in this case was final. The final appealable order was not interlocutory because there was no leave to amend granted. Now, again, leave to amend wasn't really at issue here. But you have the Dupuy case, which is not a presidential case, if I recall correctly. But the Court found in that case that when there was leave to correct a defective form, that the order was not final and appealable. In that case, the Court lacked jurisdiction. So if you extend that sort of application of that rule to this case, I think that the solution is that the Britt rule encompasses the facts that are presented here, in which there was a dismissal without prejudice, without any type of leave to cure whatsoever. I know I quoted in the supplemental brief, there is a portion in Britt where the opinion discusses the ability to cure deficiencies, not just to amend a complaint. So I think there is room within that rule for the Court to find that this is a final appealable order. So I think really this dovetails with the question also of what is appropriate for a district court to do when you have a defective form like we have in this case. Of course, I'm also arguing the alternative, that it did comply with the rules. But we'll start with the... Can I also, let's start with the rules. Your brief frames the question as whether the local rules authorize filing by fact. Sorry, whether the local rules forbid a pro se litigant from filing a complaint by fax. But isn't the relevant question whether the federal rules of civil procedure authorize. Sorry, whether they authorize. So the way I read the federal rules of civil procedure is it says pro se litigants can only file electronically if local rules give them permission to do so. The advisory committee notes at least say very clearly that faxing is a form of electronic filing. Therefore, the question is not whether the local rules forbid pro se litigants from filing by fax. It's whether they authorize them to file by fax. And I guess I don't see where these local rules affirmatively authorize pro se litigants to file by fax. Well, Your Honor, I don't know if I have a response to that that shows where they explicitly authorize the filing by fax. I think that, you know, they have the prohibition for filing a complaint by fax, which I'm arguing because it is in the rule that applies to the manner in which counsel are supposed to file.  That it doesn't expressly forbid that. Now, there's a general rule concerning fax filing that, you know, permits it in a more general sense than the rule that was cited by the district court in dismissing the appeal. Now, as far as I think it's also relevant that the rules permit a judge to accept a filing that is delivered to the court. And I think that the. But the court did accept the filing, right? We all agree. We all agree that the court. What happened here is not that Allen versus Atlas box situation where someone tries to file something and the clerk's like, nope, I won't take that. Right. We all agree that it's not that the court refused to file his complaint. It's that the court filed the complaint and then dismissed it. Right. Yes, Your Honor. I think we all agree that they did accept the filing. It was filed. It was docketed. It's in the it's in the court file. It's in the appendix. I think we all agree on that. So the question here is not a was it timely filed for statute of limitations purposes. It's whether or not you can take cognizance of the fact that the document was filed in contravention of what appear to be in contravention of the local rule. Yes. So, so . . . Well, here's a question. If we were to rule for you, how would we do that without in effect invalidating the local rule when my law clerks tell me that that local rule is in place in every district in the Fourth Circuit? Well, Your Honor, I think that, you know, I think that you could rule for the appellant here without necessarily invalidating that rule by suggesting that he was denied the ability to pursue his claim as filed even though he complied with the requirement to commence a civil action by delivering a complaint and he delivered it to the extent that it was filed. He denied that ability to pursue his claim when you said it's filed. It's there now on the docket below. And you also told me earlier that he could seek to amend it. So if we reverse, if we do what you want, he can go back and amend. And if we affirm, if we disagree with you, he could go back and amend. So what's happening here? Why are we here? Well, I think the reason that we're here, Your Honor, is that Mr. Foltz was a pro se litigant at that point and was in all likelihood operating under the misapprehension that the court's dismissal of his complaint would preclude him from presenting at least one of his claims in the complaint because of a statute of limitations issue. That is, I think, probably the most realistic explanation of why he filed the appeal rather than refiling the complaint. I think, you know . . . But if he refiled the complaint, even at this point, that would be when the statute of limitations question would arise, if at all. Sure, because we're not here to decide that question in particular. I mean, that's not the issue that's encompassed with the . . . And West Virginia does have a tolling statute, right? Yes, Your Honor. So, you know, I think that there was some discussion by the respondent concerning, you know, that there was additional time left to file on some claims. But I believe the defamation claim is the one that has a one-year statute of limitations that would have been implicated and that he was concerned about. It was not cited in any of the briefs, but did you come across West Virginia Code 55218, the general tolling . . . let me rephrase . . . what appears to me to be the general tolling provision in West Virginia? Your Honor, I know that at some point in the past I have looked at that, but I have not looked at it recently and I could not . . . I mean, it seems to me to say that for a period of one year . . . This is 52-2-18A that says, for a period of one year from the date of an order dismissing an action or reversing a judgment, a party may refile if the initial pleading was timely filed. We all agree the initial pleading here was timely filed. And, one, the action was involuntary dismissed for any reason not based on the merits. The basis of the dismissal here does not seem to have been based on the merits. Or, the judgment was reversed on a ground that does not preclude a filing. So, I guess prima facie, that looks to me like he had a year after the district court dismissed this action to refile. Your Honor, I will be honest. I am not expressly prepared to comment. Fair. But the way that you presented it sounds like a reasonable interpretation. Well, I guess the last step I left is that the Supreme Court has told us that federal courts apply state law tolling rules.  So that we would . . . the federal court would apply the state tolling rules. Yes, Your Honor. Fair. So, I think . . . I don't think . . . Can I ask you a different question? Yes. Do you concede that filing by fax is a form of electronic filing? Your Honor, so . . . The advisory committee notes seem to say that pretty expressly. Right. And, I think that, you know, there have been a number of different amendments of the Federal Rules of Civil Procedure. Going back and looking at that, you know, I believe that the . . . that what you're referring to is accurate. That it has been construed as a form of electronic filing. I don't . . . I think that I don't have any choice but to concede that. Okay. So, what you mentioned, the defect of . . . one of the issues the parties join issue over is whether this is a defect of form or a defect of the method of filing, right? And, candidly, I've read a whole bunch of . . . I've read all the cases you cited. And, I presume those are the cases we have. And, I guess what I'll say candidly is those cases just . . . when I read them all, they all just sort of declare it's X or they declare it's Y. And, none of them really explains why it's X or why it's Y. So, could you just take a step back? Why should we think of . . . Like, I guess my gut is that filing by fax versus in person to meet my gut is that seems more like method than form. But, why should we think of that as a form problem? Okay. Your Honor, I have to . . . Okay. So, you're asking the distinction between a defect in the method versus the defect of the form. Correct. So . . . And, you . . . I think you want us to view it as a defect of form. And so, the question is why should I think of that as a defect of form? Well, I don't . . . I mean, the cases that we cited, do they really, you know, make a distinction between method and form? Am I missing something here? I mean, I think that you have the situations in which people . . . Well, form would seem to be if they had a rule that you have to file on white paper and somebody filed on green paper, as opposed to the method of hand delivery, e-mail, fax, scoring . . . Oh, you have this rule like the second circuits where the docket number has to be in two-inch size font. Right. I mean, I think the rule that's kind of embraced by those cases is that, you know, if you file something the wrong way, whether, you know, you send it by e-mail when you're not supposed to, if you, you know, don't pay the filing fee, some type of defect, technical defect that doesn't have to do with the actual, you know, substantive aspect of the complaint, then, you know, you nevertheless preserve the statute of limitations and that it is actually deemed filed. I think in this situation, you know, he did present the complaint. He did it in a way that in all likelihood violated that local rule, unless you accept my argument that it was, you know, the Empire of Materia argument, but it doesn't sound like the court is incredibly sympathetic to that argument. Didn't he file a motion . . . Yes. . . . to file by fax? So, that would indicate to me that he knew he was violating the local rule because he filed a motion seeking to be able to file by fax. I don't think that that's an unreasonable inference, Your Honor, but, of course, the rules also permit a judge to, I think, accept a document that's delivered to them, and, you know, I think, you know, within that, he was asking the district judge to exercise discretion in that regard. And it was accepted. It was accepted. So, right. It was accepted, but then he was not allowed to proceed on it. Was the motion ruled on or addressed in any other way other than the fact that it was actually accepted? I think it was ruled on by the method of dismissal for . . .  Yeah. The motion to proceed by fax, I believe, was substantively ruled on by the dismissal. I mean, that's the only reason it was dismissed is because he filed it in a way that the district court construed to be against the rules. It wasn't based on any kind of other, you know, substantive reason or defect in the content. It was only based upon the form. So, you know, you have, on the one hand, they accepted it, they filed it, they made it part of the document of the case, and then, on the other hand, he wasn't able to proceed on it. So, you know, he's neither the first nor the last pro se litigant . . . Except he could proceed on it. He could have amended. I thought we agreed on that. I do agree on that. Okay. He could have amended . . . he could have . . . well, not amended, but he could have refiled, I guess, by filing it in a manner that the district court construed to be within the rules, such as by mailing or hand delivery. And certainly, you know, I would not endorse a method of filing that causes the merits of your case to hang on an esoteric appellate issue. You know, I certainly appreciate the cutting footnotes on the respondent's briefs on that matter. I understand that. Nevertheless, you know, he presented this claim. He delivered it to the court. The court accepted it. And having accepted it, you know, I think the argument is that it's improper to just simply dismiss it. It wasn't that the . . . you know, we're not arguing over whether he delivered it. He did deliver it as . . . What if the court . . . let me ask you this. What if the court had, instead of outright dismissing it, entered a show cause order that basically said, okay, you filed a complaint by fax. You're not allowed to do that under the local rules. I order you to file by hand within 10 days or I'm dismissing. Do you think the court could have done that? I think the court could have done that, and that would probably be . . . especially in light of the Britt decision, that would take away some of the ambiguity about the situation, especially for a pro se litigant. That . . . I don't have any . . . I cannot say that that would have been an appropriate way for the court to handle it, because that would have given him an opportunity to cure. I understand Britt doesn't require district courts to give an opportunity to cure. It just is a rule for interpreting finality. But if we're talking about, you know, trying to give people guidance about how to appropriately proceed, it would be, I think, salutary for the court to, you know, provide that type of ability to cure a defectively filed document rather than to dismiss the case and then, you know, leave it up to the . . . to expect a pro se litigant to figure all that out. Yes, Your Honor, essentially. So I will . . . I have . . . my time is almost at an end here, so I will reserve the remaining five minutes. All right. Thank you very much. Mr. Buck. Thank you, Your Honor. May it please the Court, my name is Thomas Buck. I represent the defendants Tiffany Hoffman, Christopher Cook, and Jonathan Stepatic in this case. At the heart of this case is a question as to whether litigants are to follow the rules and whether the judge has the right to enforce the rules. In this case, the appellant is not disfamiliar with procedural processes. He has filed numerous cases in the past, both in federal and state courts, and he has successfully paper filed as required under the federal rules. In this case, he elected to fax file, keenly aware it's not provided for in the rules at all. And you are correct, if it's not provided for in the rules, it can't be done. The only way it can be done is by local rule or an order of the court. The local rule did not provide for him to electronically file in any fashion, so he properly applied to the court for a court order. That was denied. Except it was granted. I really wrapped myself around the axle, like except the court did file the complaint, right? So is your view the court shouldn't have filed the complaint? No. What happened is the clerk does not have the discretion whether to accept a filing or not. Right. And there's many cases cited that support that concept.  So the clerk did the right thing in this case. This document came in. It came in inappropriately. It came in in violation of the rules. The clerk nonetheless docketed it. And that was good, and that was correct, and that was the right thing to do. And that stopped the statute of limitations. We all agree once the clerk does that. And there's many cases. In fact, most of the cases cited by plaintiff are statute of limitation cases, not cases applicable to this case. So arguably that would stop the statute of limitations. The savings statute you pointed out in West Virginia 55218, they call it the savings statute, gives them a year to fix it. So that's what it really comes down to in this case. Plaintiff simply needed to follow the rules and refile the complaint the right way, the way he has done many times in the past.  Can we agree, though, that maybe the district court could have handled this a little bit more delicately vis-à-vis a pro se litigant? It's a pretty nasty combination of circumstances that the district court sits on this motion for two weeks, two weeks, when the plaintiff is clearly aware of the statute of limitation. The district court takes two weeks to rule on this motion and then just denies it. It seems obvious to me, and I recognize it's easy with hindsight, but it seems obvious to me that what the district court could have easily done here is ordered a show cause why I shouldn't dismiss this already filed action. Please file in paper. Why wouldn't that have been? I'm not saying it was necessarily an abuse of discretion, but why would that have not been obviously the better course of action with the pro se litigant? Well, I think the court giving him two weeks to fix it was kind of nice. The court didn't give him two weeks to fix it. The court sat on this motion for two weeks and then dismissed his action and didn't say he could fix it. Yeah, but in a matter of that two weeks, plaintiff could have easily just either mailed it, it would have got there by mail, and that would have cured the problem, or the plaintiff during that two weeks could have taken paper copies to any court in the northern district. He didn't even have to take to Wheeling. The rules provide specifically they can go to any court at all, and that's 501C. Go to any court, and the clerk would then forward it to the proper court. So the judge, the two-week pause is pretty much giving him that opportunity. How does he know that as far as he knows? Because he's a frequent flyer. He's filed a lot of cases. I guess my interpretation would be the district court just took two weeks to rule on a motion, not that district court was giving him two weeks out of the kindness of its heart. Well, either way, he had a two-week window to fix it before the court even ruled on the motion for leave to file inappropriately. And then after, he still could have filed a motion to fix it. We could take a look. I mean, if you look at— Well, not even a motion to fix it, right? If you're right about the savings statute, he could have literally just filed a new complaint. He could have filed a new complaint without any problem. He could have filed a motion within this case if he wanted to under the local rules because it would relate back. Non-pro tonque. There's a specific provision in the local rules to allow it to happen. So plaintiff could have simply done that as well. But I suspect that under this rule, you think he can't do it now because according to my law clerk, the district court's order was June 22, 2023, which is more than a year ago, right? Yes. So you think now, you think if we affirm here, you think he's now time barred? Well, that would be the argument I would most likely make if he does re-file.  Fair enough. But unfortunately, plaintiff hasn't done anything to put that issue before the court, so basically we'd be issuing an advisory opinion on that at this point. So plaintiff's original argument was there was some discrepancy between the Federal Rule of Civil Procedure 5 and the local rule corresponding 5.01 at sequence. There is no problem here. What we simply have is a plaintiff who didn't follow the rules and even after being pointed out, hey, no, you can't do it this way, never did anything to fix it, and he knows how to fix it. So it's not like this is somebody who's never been to a court before. He knew all he had to do was file it the right way. Plaintiff tried to retreat in his brief to Federal Rule of Civil Procedure 83A2 where we shouldn't apply these rules such that a plaintiff would lose any right because of a non-willful failure to comply with the rules. Here plaintiff hasn't lost any right, and there's not a non-willful failure to comply. This is a willful failure to comply. It's a refusal to comply. He knew he couldn't file by fax, and he knew how to file by paper. He intentionally has done the exact wrong thing, and he has done nothing to fix it except to come here. This is the inappropriate venue to do that. The circuit court was right or district court was right to apply the rule. Plaintiff has had a full year to fix it. He intentionally chose not to. It's a strategic decision on his part. The district judge doesn't have to coach the plaintiff on how to proceed the best manner with his case. No, but we have said you need to give pro se litigants the benefit of the doubt and can't expect them to know and do things that lawyers might do. We can cite a lot of cases for that proposition. Yes, that is true, but this is simply a service issue. All you have to do is refile. Let's posit that if the district court One possibility is the district court gives him an order to show cause. The other possibility is that in the dismissal order, the district court says all the stuff you have just said. I think this case becomes very easy then, but the district court didn't just say that. It was like case dismissed. That's all it said. It didn't say here's the problem, but you're telling me there's lots of ways he could fix it except the district court doesn't identify any of the ways he could fix it. Yes, and really the question comes down to is it really the district court's job to teach somebody to do that? We would obviously say, of course, no, with a lawyer. Absolutely, I agree. If the person is represented by a lawyer, we don't need to do any couching. We don't need to do any coaching. We don't need to help them, so I think that's clear there. The plaintiff has had a lawyer for a period of time at this point, and I think part of that time falls within the saving statute, so he has counsel, so that is a factor that comes in. This is not just a one-off pro se litigant. This is somebody who's had an attorney for quite a while now. Still no effort to refile. Counsel, you've got a fair amount of time left, but I'm wondering what else there is you would have to say that you haven't already said. Unless you want to talk about Britt and applying Britt to this case, because that's mildly interesting, but I don't know if there's anything new to cover on that. So unless there's any other questions. All right. Thank you very much, Mr. Buck. Thank you. Mr. Cooper, you've got some rebuttal time. All right. So again, I would just reiterate the fact that the appellant here did present a complaint to the district court that was filed. It was delivered, and I believe that . . . You're talking about the court could have given a show of cause order, but I believe it was improper to terminate his litigation, given that he did, in accordance with the requirement to deliver a complaint to the court, actually initiate the prosecution. He should have been allowed to proceed on that after having been required to bring his filing in conformity with the local rules, if the district court felt that he had violated that. So I would suggest that it was erroneous to dismiss the case outright, rather than giving the opportunity to cure in this manner, and would ask that the court so hold that if a civil action is commenced by filing the complaint, the complaint is indeed filed by delivery to the clerk, that it is permissible at that point to . . . If it's required for the court to then proceed on that, after giving the litigant the opportunity to come into conformity with any procedural or defects of form. So that is the position that we take in this regard. All right. Thank you very much, Mr. Cooper. The court appreciates the argument of both counsel, and we'll come down now to Greek counsel, and then move on to our next case.
judges: G. Steven Agee, Stephanie D. Thacker, Toby J. Heytens